1  IVO LABAR (203492)
   labar@kerrwagstaff.com
2  **KERR & WAGSTAFFE LLP**
3  100 Spear Street, Suite 1800
   San Francisco, CA 94105–1528
4  Telephone: (415) 371-8500
   Fax: (415) 371-0500
5  Attorneys for Plaintiff

6  JOHN CLUNE *(Pro Hac Vice)*
   john@victimjustice.com
7  **VICTIM JUSTICE INITIATIVE, P.C.**
8  507 Canyon Blvd, Suite 203
   Boulder, CO  80302
9  Telephone (303) 413-8300
   Fax: (303) 413-8301
10 Attorneys for Plaintiff

11 JANINE S. SIMERLY (102361)
   jss@millerlawgroup.com
12 LISA BARNETT SWEEN (191155)
   lbs@millerlawgroup.com
13 **MILLER LAW GROUP**
14 A Professional Corporation
   111 Sutter Street, Suite 700
15 San Francisco, CA 94104
   Tel. (415) 464-4300
16 Fax (415) 464-4336
17 Attorneys for Defendant
   UNIVERSITY OF THE PACIFIC

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, | Case No.  2:09−CV−00764−FCD−KJM |
| Plaintiff, | **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |
| vs. | |
| UNIVERSITY OF THE PACIFIC, | **(As approved by the court with annotations in underline/strikeout format)** |
| Defendant. | Complaint filed:  March 18, 2009 |

1    WHEREAS, on March 18, 2009, Plaintiff Jane Doe ("Plaintiff") commenced an action in
2    the United States District Court, Eastern District of California entitled *Jane Doe v. The*
3    *University of the Pacific* **(Case No. 2:09-CV-00764-FCD-KJM)** (the "Complaint");

4    WHEREAS, the discovery, pre-trial and trial phases of this action will involve the
5    disclosure of information that is sensitive, contains confidential information about Defendant
6    University of the Pacific ("Pacific" or "Defendant"), and implicates the privacy rights of
7    individuals other than Plaintiff, including Pacific's current and/or former employees, and/or
8    current or former students, which may be protected from disclosure pursuant to the Family
9    Education Rights and Privacy Act ("FERPA").

10   WHEREAS, the parties have exchanged initial disclosures pursuant to Federal Rule of
11   Civil Procedure, 26, which references confidential information, as well as private information
12   regarding Pacific's current and former students and employees.

13   IT IS THEREFORE STIPULATED that:

14   The following definitions and provisions shall apply to and govern this Stipulation and
15   Protective Order:

16   1.    Documents and other discovery information that will be produced by the parties
17   pursuant to this Stipulated Protective Order ("Order" or "Protective Order") may be claimed by
18   the parties to be of a private or confidential nature. The purpose of this Order is to protect the
19   confidentiality of these documents and information.

20   2.    The parties may, in good faith, designate as "Confidential" documents and other
21   information, including but not limited to:

22   (a)    Documents and/or information reflecting private or confidential data
23          about specific employees, students, former employees or former students
24          of Pacific, including, but not limited to, documents and/or information
25          contained in Pacific's investigation files, internal judicial review files,
26          Department of Safety files, personal files, personnel files, or in any other
27          files or records;

28



– 1 –

CASE NO. 2:09−CV−00764−FCD−KJM                                STIPULATED PROTECTIVE ORDER

– 2 –

   (b) Documents and/or information not known to the general public, including, but not limited to, documents and/or information concerning Pacific's policies, practices and/or procedures or other administrative matters;

   (c) Documents and/or information that any of the parties believe to constitute or contain confidential or personal information that warrants confidential treatment.

3. By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).  Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

4. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding.  Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

5. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

6. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

   (a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;



1  (b) experts or consultants (together with their clerical staff) retained by such counsel
2  to assist in the prosecution, defense, or settlement of this action;
3  (c) court reporter(s) employed in this action;
4  (d) a witness at any deposition or other proceeding in this action; and
5  (e) any other person as to whom the parties in writing agree.
6  Prior to receiving any Confidential Material, each "qualified person" shall be
7 provided with a copy of this Order and shall execute a nondisclosure agreement in the form of
8 Attachment A, a copy of which shall be provided forthwith to counsel for each other party and
9 for the parties.
10  7. Depositions shall be taken only in the presence of qualified persons.
11  8. The parties may further designate certain discovery material or testimony of a
12 highly confidential and/or proprietary nature as "CONFIDENTIAL—ATTORNEY'S EYES
13 ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2
14 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be
15 disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and
16 secretarial staff employed by such counsel), and to the "qualified persons" listed in
17 subparagraphs 5(b) through (e) above, but shall not be disclosed to a party, or to an officer,
18 director or employee of a party, unless otherwise agreed or ordered.  If disclosure of Attorney's
19 Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with
20 respect to confidentiality shall also apply.
21  9. Nothing herein shall impose any restrictions on the use or disclosure by a party of
22 material obtained by such party independent of discovery in this action, whether or not such
23 material is also obtained through discovery in this action, or from disclosing its own Confidential
24 Material as it deems appropriate.
25  10. If Confidential Material, including any portion of a deposition transcript
26 designated as Confidential or Attorney's Eyes Only, is <u>to be</u> included in any papers to be filed in
27 Court, <u>the party intending to file</u> such papers shall ~~be labeled "Confidential—Subject to Court~~
28

1  ~~Order" and filed~~ <u>seek to file them</u> under seal ~~until further order of this Court~~ <u>as provided by</u>
2  <u>Local Rules 39-140 and 39-141</u>.

3        11.    In the event that any Confidential Material is used in any court proceeding in this
4  action, <u>and to the extent allowable by law,</u> it shall not lose its confidential status through such
5  use, and the party using such shall take all reasonable steps to maintain its confidentiality during
6  such use.

7        12.    This Order shall be without prejudice to the right of the parties (i) to bring before
8  the Court at any time the question of whether any particular document or information is
9  confidential or whether its use should be restricted or (ii) to present a motion to the Court under
10 FRCP 26(c) for a separate protective order as to any particular document or information,
11 including restrictions differing from those as specified herein. This Order shall not be deemed to
12 prejudice the parties in any way in any future application for modification of this Order.

13       13.    This Order is entered solely for the purpose of facilitating the exchange of
14 documents and information between the parties to this action without involving the Court
15 unnecessarily in the process. Nothing in this Order nor the production of any information or
16 document under the terms of this Order nor any proceedings pursuant to this Order shall be
17 deemed to have the effect of an admission or waiver by either party or of altering the
18 confidentiality or nonconfidentiality of any such document or information or altering any
19 existing obligation of any party or the absence thereof.

20       14.    This Order shall survive the final termination of this action, to the extent that the
21 information contained in Confidential Material is not or does not become known to the public,
22 and the Court shall retain jurisdiction to resolve any dispute concerning the use of information
23 disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and
24 return to each other all documents, material and deposition transcripts designated as confidential
25 and all copies of same, or shall certify the destruction thereof.

26
27
28

SO STIPULATED.

DATED: September __, 2009

**VICTIM JUSTICE INITIATIVE, P.C.**
**KERR & WAGSTAFFE, LLP**

_____
IVO LABAR
Attorneys for Plaintiff

DATED: September __, 2009

**MILLER LAW GROUP**

_____
JANINE S. SIMERLY
Attorneys for Defendant

APPROVED AND SO ORDERED:

DATED: OCTOBER 6, 2009.

_____
U.S. MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT**

**REGARDING DISCOVERY OF CONFIDENTIAL INFORMATION**

The undersigned hereby acknowledges that he/she has read the Protective Order regarding confidentiality entered in this civil action entitled *Jane Doe. V. University of the Pacific* filed in the United States District Court, Eastern District of California on March 18, 2009 that he/she understands the terms thereof, that he/she has been designated by _____ as a "Qualified Person" thereunder, and that he/she individually and on behalf of _____, and on behalf of the party who designated him/her as a "Qualified Person", agrees to be bound by such Protective Order, and that he/she acknowledges the jurisdiction of the Court and agrees to be bound by the jurisdiction of the Court.

DATED:       _____, 200\_\_\_.

_____
(signature)

_____
(print name)