JOHN CLUNE, *(Pro Hac Vice)*
**VICTIM JUSTICE INITIATIVE, P.C.**
507 Canyon Blvd, Suite 203
Boulder, CO  80302
Telephone (303) 413-8300
Fax: (303) 413-8301

IVO LABAR (203492)
labar@kerrwagstaffe.com
KELLY A. CORCORAN (260268)
corcoran@kerrwagstaffe.com
**KERR & WAGSTAFFE LLP**
100 Spear Street, 18th Floor
San Francisco, CA 94105–1528
Telephone: (415) 371-8500
Fax: (415) 371-0500

Attorneys for Plaintiff
JANE DOE

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF THE PACIFIC,<br><br>    Defendant. | Case No. 2:09-CV-00764 FCD KJM<br><br>**ORDER AUTHORIZING RELEASE OF RECORDS PURSUANT TO FAMILY EDUCATIONAL RIGHTS AND PRIVACY ACT ("FERPA") (20 U.S.C. § 1232(g))**<br><br>HON. FRANK C. DAMRELL, JR.<br><br>TRIAL: October 19, 2010 |

**ORDER AUTHORIZING RELEASE OF FERPA RECORDS**

Having reviewed Plaintiff's Unopposed *Ex Parte* Application, the accompanying submissions, the Statement of Non-Opposition filed by Defendant University of Pacific ("UOP") and good cause appearing therefore, the Court orders as follows:  Plaintiff's Unopposed *Ex Parte* Application is GRANTED.

The Family Educational Rights and Privacy Act, 20 U.S.C. 1232(g) ( "FERPA") protects certain educational records from disclosure.  20 U.S.C. § 1232(g) *et seq.*.  FERPA specifically

– 2 –

provides that a federally funded educational institution can disclose personally identifiable information pursuant to a court order or lawfully issued subpoena with advance notice to the affected student and parents.  See 20 U.S.C. § 1232g(b)(2)(B); see also 34 C.F.R. § 99.31(a)(9)(i) ("An educational agency or institution may disclose personally identifiable information from an education record of a student without . . . consent . . . if the disclosure meets one or more of the following conditions: . . .  The disclosure is to comply with a judicial order or lawfully issued subpoena. . . . if the agency or institution makes a reasonable effort to notify the parent or eligible student of the order or subpoena in advance of compliance, so that the parent or eligible student may seek protective action . . .").

Personally identifiable information includes, but is not limited to the student's name, the address of the student or student's family, a personal identifier, such as the student's social security number or student number, and a list of personal characteristics or other information that would make the student's identity easily traceable.  34 C.F.R. § 99.3.  Thus, Defendant is authorized to disclose the information in response to a court order, provided that Defendant makes the appropriate notifications.  UOP can provide the requisite notice and is hereby ordered to do so.

Accordingly, it is hereby:

ORDERED THAT, pursuant to 20 U.S.C. § 1232g(b)(2)(B), Defendant UOP shall give notice to the students whose information will be revealed by the initial disclosures and other discovery responses in this litigation.  If the John/Jane Doe wishes to object, he or she shall do so before the disclosure date identified in the notification.

IT IS FURTHER ORDERED THAT, after the deadline for responding to the notification has passed, Defendant UOP is authorized to release any personally identifiable information pursuant to 20 U.S.C. § 1232g(b)(2)(B).

IT IS SO ORDERED.

DATED: October 22, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE